IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| Jualynn M. Kirkel | ) | Case No. 11-47270 |
| | Debtor.) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | |
| | ) | |

**DEBTOR'S EVIDENTIARY STATEMENT**

Debtor, Jualynn M. Kirkel, hereby submits to the Court the following evidentiary statement to support a finding of contempt and for the imposition of sanctions, both compensatory and punitive, against Bridgeview Bank Group, Bridgeview Bank and Trust, their attorney, Joshua Grossman and their attorney Kevin Ameriks, for violation of this Court's discharge order and the discharge injunction of 11 U.S.C. § 524, and 362, and for the return of money that Bridgeview Bank improperly took from the debtor's account during and after the bankruptcy. The statement includes the following:

**Exhibit**

A. Debtor's Chapter 7 Discharge.

B. Promissory Note on Clark Street Loan.

C. 2005 Change in Terms of Clark Street Loan.

D. Bridgeview Bank Group Mortgage on Clark Street.

E. April 13, 2012 email from Bridgeview Bank Attorney Josh Grossman to Kirkel Attorney.

F. April 14, 2012 email from Kirkel Attorney to Bridgeview Bank Attorney Josh Grossman outlining previous conversation regarding demands of Bridgeview Bank.

G. Miscellaneous email.

H. April 19, 2012 email from Josh Grossman where he sent his case law and outlined their position that their threats were not a violation of the discharge stay.

I. April 26, 2012 email from Kirkel Attorney to Bridgeview Bank Attorney Josh Grossman arguing that the bank's tactic was a violation of the discharge stay. Discussion of a long-term refinance of the Clark Street property.

J. April 26, 2012 email from Kirkel Attorney to Bridgeview Bank Attorney Josh Grossman outlining the parties positions that a refinance of the Clark Street loan at 5.5% over 25 years was prudent for both sides. Also, an inquiry of whether an agreement to pay 20% of the discharged loan on the Sheridan Street condo would be enough to keep them from foreclosing on the Clark Street property.

K. April 30, 2012 email from Bridgeview Bank Attorney Josh Grossman to Kirkel Attorney stating that the bank was not bluffing, that if the Sheridan condo loan was not reaffirmed that they would file foreclosure on the Clark Street property.

L. April 30, 2012 email from Kirkel Attorney to Bridgeview Bank Attorney Josh Grossman arguing that the industry standard for loans like that on the Clark Street property was to rewrite the loan each year and adjust the interest rate to reflect the market rate.

M. April 30, 2012 email from Bridgeview Bank Attorney Josh Grossman to Kirkel Attorney stating that the bank was out of patience and that they needed an offer to repay a portion of the Sheridan Street loan by 5:00 on Wednesday May 2. 2012 or they would file foreclosure the next day.

N. May 2, 2012 offer to the bank to refinance the Clark Street property but not to reaffirm the discharged Clark Street loan.

O. May 2, 2012 email from Bridgeview Bank Attorney Josh Grossman to Kirkel Attorney saying they had not received an offer and asking if he would accept service.

P. May 15, 2012 email from Bridgeview Bank Attorney Josh Grossman to Kirkel Attorney stating that the bank was rejecting the offer to refinance the Clark Street loan (using terms previously agreed to be commercially reasonable) with no reaffirmation.

Q. Foreclosure suit filed on July 20, 2012 against Ms. Kirkel's Clark Street property.

R. Affidavit of Julie Kirkel, the Debtor.

S. Debtor's attorney fee affidavit.

T. Affadavit of John F. Cloutier.

U. May 24, 2012 "Past Due Loan Notice, Third Notice" from Bridgeview Bank to Julie Kirkel for her Sheridan condo.

V. Bank statements on Kirkel account with Bridgeview Bank during foreclosure showing bank removing money to make the loan payments on the Sheridan condominium

W. Bank Statement sent by Bridgeview Bank on Sheridan condominium loan dated August 31, 2012, after the discharge, showing a minimum payment due of $2462.00.

X. Bank Statement from Bridgeview Bank Group of December 31, 2011, before the discharge was received, on Sheridan Condo loan.

Y. Bank Statement sent by Bridgeview Bank on Sheridan condominium loan dated Julyt 31, 2012, after the discharge, showing a minimum payment due of $2099.60.

Z. March 25, 2012 Bridgeview Bank statment showing money being taken out of debtor's account on February 27, 2012 during the automatic stay under 362.

AA. Payment receipts to Bridgeview Bank Group from the debtor for mortgage paymens she made on the property at 5025 N. Clark Street in July, Aug, and Sept 2012. Such payments show that the bank continues to take her payments on the property, both before and after they file foreclosure.

JOHN F. CLOUTIER

By: <u>/s/ John F. Cloutier</u>
    Attorney
John F. Cloutier (6244415)
5923 S. Kolmar Ave
Chicago, IL 60629
Phone: (847) 275-6358 Fax: (727) 865-5272